No. 22691.

EDNA E. POPOV *v.* LADD BROTHERS, A CO-PARTNERSHIP, ON
BEHALF OF THEMSELVES AND ALL OTHER STOCKHOLDERS OF
THE INTERCONTINENTAL CORPORATION.
(474 P.2d 151)

Decided September 8, 1970.

INMAN, FLYNN & COFFEE, ROBERT D. INMAN, for plaintiff in error.

FUGATE AND MITCHUM, WILLIAM E. KENWORTHY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

IN the trial court the plaintiffs (here the defendants in error) recovered judgment against the defendant Popov (here the plaintiff in error) and Intercontinental Corporation. We refer to Mrs. Popov as the defendant and Intercontinental Corporation as the corporation. The judgment was for rescission of stock in the corporation which had been sold to the plaintiffs and for judgment of restitution in favor of the plaintiffs and against the defendant and the corporation in the amount of $22,000

(the sales price of the stock), plus interest and costs. We affirm, except as to the manner of collection of the money judgment.

The trial court found that the stock in question was sold to the plaintiffs by means of fraudulent misrepresentations made by the defendant, who was acting as agent for the corporation. The court specifically made findings in favor of the plaintiffs as to each of the elements of fraud. While the evidence was in conflict, there was sufficient evidence to support each and all of the findings.

There is a considerable similarity between this case and *Meredith v. Ramsdell*, 152 Colo. 548, 384 P.2d 941 (1963). The holding in that case was as follows: that in an action for rescission of a contract for fraud, the defrauded party may proceed against the principal (a corporation) and the agent, seeking rescission against the principal and damages against the agent who procured the execution of the contract; and that the plaintiff, however, can have but one satisfaction and, failing to obtain restitution in whole or in part from the corporation, may recover from the agent such sum as will constitute restoration to the status quo.

*Meredith* was not mentioned in the briefs or oral argument here, nor was it cited in any of the briefs filed with the trial court. However, we are going to follow it. The trial court should modify its judgment to the end that any portion of the money judgment which the plaintiffs cannot collect from the corporation may be recovered from the defendant.

In its amended complaint the plaintiff sought the appointment of a receiver for the defendant corporation; and the court appointed one. The defendant urges that by seeking the appointment of a receiver the plaintiff confirmed that the sale of stock was valid. We interpret the argument to be that the appointment of a receiver on the plaintiffs' motion estopped the plaintiffs from seeking rescission. We can see no inconsistency in the two pro-

ceedings. Until the time of trial of the claims against the corporation, it was common sense for the plaintiffs to perform whatever things might seem feasible, reasonable and within their legal power to protect the assets of the corporation. See *Savageau v. Savageau,* 132 Colo. 75, 285 P.2d 810 (1955).

In the caption to their amended complaint the plaintiffs styled themselves as "a Co-Partnership, on behalf of themselves and all other stockholders of the Intercontinental Corporation." The following allegations were made in the amended complaint:

" . . . that by reason of the lack of direction, management and control, the corporation's assets are wasting and dissipating to the detriment of all shareholders and creditors of the corporation; that if a receiver is not appointed to take charge of and to operate the affairs of the corporation, said assets will be wasted and dissipated to the irreparable damage of the shareholders and creditors of the corporation.

\* \* \*

" . . . that said books and records which have been obtained indicate fraud and mismanagement on the part of certain directors and officers . . . and other various acts highly detrimental to the corporation, stockholders and creditors thereof . . . and that fully adequate and complete relief for Plaintiff and all other stockholders of the corporation can be obtained only by an accounting and appointment of a receiver. . . ."

The statement in the caption of the amended complaint and the above quoted allegations are the only indications we have been able to find in the entire record that this might be an action in behalf of all stockholders. The prayer of the complaint is confined solely to a request for relief in favor of the plaintiffs. Apparently, no accounting was made. The other pleadings, the briefs filed in the trial court by the parties, the pre-trial memoranda, the pre-trial order, the trial itself, the findings of fact, conclusions of law and judgment, the motion for new

trial and order denying the motion, and all proceedings here are confined to an action solely for the benefit of the plaintiffs. Therefore, we conclude that this was not an action for the benefit of any stockholders except the plaintiffs and that the language indicating otherwise in the caption and as quoted is to be disregarded.

We find the other assignments of error made by the defendant to be without merit.

This matter is remanded to the trial court with directions to modify the judgment to the end that any portion of the money judgment which the plaintiffs cannot collect from the corporation may be recovered from the defendant, and with the further direction that the court conduct any supplementary proceedings which may be appropriate to comply with the holding in *Meredith v. Ramsdell, supra.*

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.